IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

       Plaintiff/Respondent,

  Vs.                                               Civil Case No. 05-3410-SAC
                                                      Criminal Case No. 02-40090-01-SAC

DARREN L. CARTER,

       Defendant/Movant.

MEMORANDUM AND ORDER

The case comes before the court on the defendant's motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. (Dk. 81). In May of 2003, a jury found the defendant guilty of the single count indictment that charged him with possession with intent to distribute approximately 11 grams of cocaine base. The judgment was entered September 5, 2003, reflecting the defendant's sentence of 92-months incarceration. The defendant timely appealed his conviction challenging the district court's rulings that denied his motion to suppress, his motion to exclude testimony at trial, and his motion for judgment of acquittal. On December 13, 2004, the Tenth Circuit filed its order and judgment affirming the judgment of conviction. On February 11, 2005, the defendant timely filed with the Supreme Court his petition for writ of certiorari which was denied on April 18,

2005.

FACTUAL BACKGROUND

As part of its investigation into the murder of a potential witness to a drug trafficking crime, the Topeka Police Department executed a search warrant on a motel room seizing cocaine base and ammunition and resulting in the arrest of a suspect and his girlfriend, Tarsha Stovall.  During her interview, Ms. Stovall told an officer that her boyfriend was in the "drug business" and that she could identify others who were involved with his business.  An officer drove her to the residential address of 2616 SW Clay which she had provided for a "Darren," one of her boyfriend's business partners and fellow gang members.  Officers confirmed that a car identified by Stovall and parked near the residence was owned by Darren Carter.  The officer recognized that this car also matched the description of a car involved in a recent shooting investigation.  Officers escorted a witness from that shooting to the parking lot where numerous cars were parked, including Carter's car, and the witness identified Carter's car as the one from which gun shots were fired.  Based on these circumstances and information from one other informant regarding drug-related shootings connected to the vicinity of 26th and Clay, the officer prepared an affidavit in support of a search warrant that was issued by a state district court judge on May 31, 2001.

Prior to Topeka police officers executing the warrant that same day, Sergeant Brandon Rozario, a member of the Kansas National Guard Counter Drug Special Operations Group, conducted surveillance on 2616 S.W. Clay. Rozario testified at trial that he had seen the defendant walk out the back door of the 2616 S.W. Clay residence and then return inside and that the defendant's actions seemed to coincide with visitors to the housing complex. Rozario testified that shortly after the visitors arrived, the defendant would step outside, handle something located near the outside backstairs where officers later found the cocaine base, and then promptly return to the residence. Officers found in their search of 2616 S.W. Clay cocaine base "beside the stoop outside the back door," scales and sandwich bags on the upper shelf in the kitchen cabinet, two cell phones in the kitchen, and a pager and $350 in cash on the defendant's person.

ISSUES

The defendant argues at least four grounds for relief. First, he alleges his Sixth Amendment right to confrontation was violated when the government included Tarsha Stovall's statements in the probable cause affidavit but did not call her as a witness at the suppression hearing. Second, he claims his counsel was ineffective at trial in not objecting to the government's failure to present Stovall as a witness and in not arguing this issue and his right to confrontation on appeal.

Third, he asserts his Fourth Amendment rights were violated because the search warrant affidavit does not provide probable cause for a warrant and contains false statements by Stovall. Fourth, he alleges his Sixth Amendment rights as established in *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), were violated when he was sentenced for an amount of drugs that was not determined by the jury beyond a reasonable doubt. The defendant asks that "his sentence be revisited in light of" these Supreme Court decisions. (Dk. 81, p. 19).

EVIDENTIARY HEARING

A court must grant an evidentiary hearing on the defendant's motion, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. No hearing is required where the factual matters raised by the defendant's § 2255 petition may be resolved on the record before the court. *See United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988). "To be entitled to an evidentiary hearing . . . the [defendant] must 'allege[ ] facts which, if prove[n], would entitle him to relief.'" *See Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir. 1995), *cert. denied*, 517 U.S. 1235(1996). "[T]he allegations must be specific and particularized, not general or conclusory." *Id*.

The court finds that a hearing on the defendant's motion is not necessary. The files and the records in this case fully address the issues raised in the defendant's motion and conclusively show that he is not entitled to the relief he seeks. The court also finds that the defendant has not alleged specific and particularized facts in support of his claims. A hearing is not required on the defendant's motion.

GENERAL § 2255 STANDARDS

"Review under § 2255 is not an alternative to appellate review for claims that could have been presented on direct appeal but were not." *United States v. Magleby*, 420 F.3d 1136, 1139 (10th Cir.), *petition for cert. filed*, 74 U.S.L.W. 3371 (No. 05-78) (2005). Consequently "failure to raise an issue either at trial or on direct appeal imposes a procedural bar to habeas review." *United States v. Barajas-Diaz*, 313 F.3d 1242, 1245 (10th Cir. 2002). To overcome this procedural bar, the movant must establish either good cause for not raising the issue earlier and resulting actual prejudice to his defense from the court's failure to consider this claim, or a fundamental miscarriage of justice from not considering the claim. *United States v. Cervini*, 379 F.3d 987, 990 (10th Cir. 2004), *cert. denied*, 125 S. Ct. 1592 (2005); *United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996). Good cause may be met by showing a claim that "was so novel that its legal

basis [was] not reasonably available to counsel" or "by showing that counsel rendered constitutionally ineffective assistance." *United States v. Wiseman*, 297 F.3d 975, 979 (10th Cir. 2002) (citations and quotation omitted).

The defendant here contends he was denied effective assistance of counsel both at trial and on appeal. The burden lies with the defendant to prove ineffective assistance of counsel by showing that (1) counsel's performance was deficient, that is, "counsel's representation fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), and (2) counsel's deficient performance prejudiced the defense, that is, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id*. at 694.

FAILURE TO CALL WITNESS AT SUPPRESSION HEARING

The defendant did not present this issue on direct appeal, though it was available to him. Thus, the defendant is procedurally barred from seeking review under § 2255 of this issue absent a showing of cause and prejudice. The defendant claims his counsel was ineffective in not objecting at the suppression hearing to the government's failure to call Stovall and in not arguing on appeal this issue and the corresponding denial of his right to confrontation.

The defendant has not shown that his counsel's performance at the

suppression hearing or in presenting the arguments on appeal fell below objective standards of reasonableness.  The search warrant here was issued on the basis of an affidavit provided by Detective Hill with the Topeka Police Department.  No evidentiary hearing was held on the defendant's motion to suppress, because it made only a facial challenge to the search warrant.  *See Franks v. Delaware*, 438 U.S. 154, 158 (1978).  "In reviewing whether probable cause existed for issuing a search warrant, the test is whether the facts presented in the affidavit would warrant a man of reasonable caution to believe that evidence of a crime will be found at the place to be searched."  *United States v. Tisdale*, 248 F.3d 964, 971-72 (10th Cir. 2001) (internal quotations and citations omitted), *cert. denied*, 534 U.S. 1153 (2002).   When oral testimony is not presented to the issuing judge, the reviewing court determines the existence of probable cause for the warrant exclusively from the supporting affidavit's four corners.  *See Whiteley v. Warden, Wyo. State Penitentiary*, 401 U.S. 560, 565 n. 8 (1971); *United States v. Beck*, 139 Fed. Appx. 950, 954 (10th Cir. 2005).  Hearsay evidence may form the basis for a probable cause determination.  *See, e.g., Jones v. United States*, 362 U.S. 257, 269 (1960) (the use of hearsay evidence is sufficient to establish probable cause "so long as a substantial basis for crediting the hearsay is presented.").  There was no reasonable basis for the defendant's counsel to object at the suppression hearing or

on appeal about the government not calling Stovall as a witness to sustain or confirm the probable cause provided in the affidavit.

Under *Franks*, a defendant is entitled to a hearing if he makes a substantial preliminary showing that a "false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause." 438 U.S. at 155-56. The defendant offers no reasonable factual or legal basis for his counsel to argue and attempt such a showing in support of a request for an evidentiary hearing. The defendant generally complains that the officers did not investigate Stovall's reliability and basis of knowledge, did not confirm the defendant's alleged drug activity through other investigative techniques, and did not determine whether Stovall was confusing the defendant with another person living in an adjacent residence. These complaints, individually and together, do not afford an adequate basis for seeking an evidentiary hearing pursuant to *Franks*. Thus, the defendant has not shown his counsel's performance at trial or on appeal was constitutionally deficient in failing to challenge the necessity of Stovall's testimony at the suppression hearing.

AFFIDAVIT INSUFFICIENT FOR FINDING OF PROBABLE CAUSE

Renewing his Fourth Amendment contention argued and decided on

direct appeal, the defendant disputes the sufficiency of the affidavit in providing probable cause and in establishing Stovall's reliability and knowledge.[1] Issues raised and decided on direct appeal are not to be raised and litigated again in a § 2255 motion. *United States v. Cox*, 83 F.3d 336, 342 (10th Cir. 1996). *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994). In the absence of an intervening change in the controlling law of this circuit, the defendant may not present issues already disposed of on direct appeal. *Warner*, 23 F.3d at 291. The court shall not revisit the merits of the defendant's contention.

SENTENCING ERROR UNDER *BLAKELY* AND *BOOKER*

The defendant claims his Sixth Amendment right was violated when the court imposed a guideline sentence based on an amount of drugs that a jury did not determine beyond a reasonable doubt. The defendant requests the court to revisit his sentence in light of these recent Supreme Court decisions. Because the defendant's conviction did not become final until April 18, 2005, when the Supreme Court denied his petition for writ of certiorari, the *Booker* decision which was issued January 12, 2005, applies retroactively to this case. *See United States*

---

[1] The defendant makes the blanket assertion that false statements appear in the affidavit, but he does not identify the statements befitting his allegation. Nothing in the defendant's brief nor in the record shows this argument to have any substance. The court summarily rejects the defendant's assertion.

*v. Bellamy*, 411 F.3d 1182, 1184 (10th Cir. 2005).

Nothing in the record suggests that the defendant raised a claim under *Apprendi* or *Blakely* before he filed his § 2255 motion. Consequently, his claim of a *Booker*-related sentencing error is subject to the plain-error standard. *See United States v. Gonzalez-Huerta*, 403 F.3d 727, 732 (10th Cir.) (en banc), *cert. denied*, 126 S. Ct. 495 (2005); *United States v. Bowen*, 2005 WL 3050421, at *4-*5 (D. Kan. Nov. 15, 2005).[2] The jury's verdict included a finding beyond a reasonable doubt that the defendant Carter possessed with the intent to distribute 5 grams or more of a mixture or substance containing cocaine base. Because this jury finding would have resulted in the same base offense level and guideline range that was used by this court at sentencing, the defendant is unable to assert a constitutional error and his only error would be the mandatory application of the guidelines, which is non-constitutional *Booker* error.[3] *See United States v. Clifton*, 406 F.3d

---

[2] The government cites *United States v. Labastida-Segura*, 396 F.3d 1140 (10th Cir. 2005), as involving a similar situation and resulting in a rule and rationale that would require the defendant to be resentenced here. The Tenth Circuit in *Labastida-Segura* applied a harmless error analysis because the defendant had preserved the issue at the district court level. 396 F.3d at 1142-43. Since Carter did not preserve the non-constitutional error here, the heightened standard of plain error applies, and the result in *Labastida-Segura* is not dispositive here.

[3] A sentencing court may "err by applying the Guidelines in a mandatory fashion, as opposed to a discretionary fashion, even though the resulting sentence was calculated solely upon facts that were . . . found by the jury." *United States v.*

1173, 1181 (10th Cir. 2005) ("'non-constitutional *Booker* error' is present in every post-Guidelines, pre-*Booker* case while the former "constitutional *Booker* error" is only present in cases where the sentencing court found facts by a preponderance of the evidence that increased the defendant's sentence beyond what the jury verdict . . . would support.").

"'Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity or public reputation of judicial proceedings.'" *United States v. Ambort*, 405 F.3d 1109, 1118 (10th Cir. 2005) (quoting *Gonzalez-Huerta*, 403 F.3d at 729). Both constitutional and non-constitutional *Booker* errors clear the first two prongs. *Clifton*, 406 F.3d at 1181.

A defendant meets the third prong with proof of "'a reasonable probability that, but for the error claimed, the result of the proceeding would have been different.'" *Gonzalez-Huerta*, 403 F.3d at 733 (quoting *United States v. Dominguez Benitez*, 542 U.S. 74 (2004)). For a *Booker* error, this means the defendant shows "a reasonably probability that, under the specific facts of his case as analyzed under the sentencing factors of 18 U.S.C. § 3553(a), the district court judge would reasonably impose a sentence outside the Guidelines range." *Clifton*,

---

*Gonzalez-Huerta*, 403 F.3d at 732.

406 F.3d at 1181 (internal quotation and citation omitted).  "For example, a defendant can show a non-constitutional *Booker* error affected substantial rights with evidence of (1) a disconnect between § 3553(a) factors and his sentence, and (2) the district court's expressed dissatisfaction with the mandatory Guidelines sentence in his case." *Id*. (citation omitted).

Relief is not available until the defendant also satisfies the fourth prong. *Gonzalez-Huerta*, 403 F.3d at 736.  The defendant must prove the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id*. (citation omitted).  For a non-constitutional *Booker* error, this standard is applied "rigidly," and the error will not be noticed "unless it is both particularly egregious and . . . failure to notice the error would result in a miscarriage of justice." *Id*. (internal quotation and citation omitted).  Factors considered under this prong include the evidentiary support for the defendant's sentence under the Guidelines and the presence of § 3553(a) factors that could warrant a departure from the defendant's sentence under the Guidelines.  *United States v. Clifton*, 406 F.3d at 1182.

The court finds the nonconstitutional *Booker* error here does not merit a resentencing under the plain error test.  The defendant's filings do not address the plain error standard, and he advances nothing to sustain his burden regarding the

12

third and fourth prongs. The court finds that the defendant cannot satisfy either prong. The court does not recall that at sentencing it expressed any dissatisfaction with the Guidelines or any desire to impose a sentence below the range calculated under Guidelines. There is nothing of record to indicate that the defendant argued various grounds for departing that were rejected under the Guidelines. The mandatory application of the Guidelines here was neither "particularly egregious" nor a "miscarriage of justice" because the resulting sentence was within the national norms established by the Guidelines and the record contains no evidence indicating a lower sentence was appropriate. Unable to prove the third and fourth prongs, the movant has failed to show that the mandatory application of the Guidelines was plain error in his case.

IT IS THEREFORE ORDERED that defendant's motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence (Dk. 81) is denied.

Dated this 14th day of February, 2006, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge